UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS BOLANOS, et al.,<br><br>Defendants. | Case No. 18-03972 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 3) |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.** **Plaintiff's Claims**

Plaintiff alleges various claims against various individuals at the San Mateo Jail Maple Street Correctional Center ("Maple Street Jail") and the Maguire Correctional Facility ("MCF"), based on separate incidents that occurred on different dates during 2017 and 2018. (Compl. at 2-12.) For example, he claims that at the Maple Street Jail during October and November 2017, a jail official threatened him and that he was denied due process with respect to his placement in disciplinary housing and loss of privileges. (*Id.* at 3-4.) After he was transferred to MCF in November 2017, Plaintiff's claims the following: denial of time to shower or clean his cell, inhumane living conditions, placement in segregated housing without notice, confiscation of legal and religious materials, a beating for asking for jail grievance form, and the subsequent denial of medical treatment. (*Id.* at 5-12.) Plaintiff also claims interference with his ability to assist in his own defense and lack of access to his attorney. (*Id.*)

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the

2

number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id*. (citing 28 U.S.C. § 1915(g)).

Here, it is clear the claims arising at the Maple Street Jail are not related to the claims arising at MCF. Furthermore, it is unclear whether the group of claims at each of these locations arise out of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20(a)(2). For example, there is no allegation that the inhumane conditions at MCF are related to the confiscation of legal and religious materials. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants). Accordingly, the Court finds that the claims against the named Defendants at the Maple Street Jail are improperly joined to the Defendants at MCF in this single action. In the interest of justice, Plaintiff shall be granted leave to file an amended complaint containing only related claims against the appropriate Defendants.

### C. **Pending Motions**

Plaintiff has filed a motion for appointment of counsel based on indigency, the complexity of the issues, limited access to library and knowledge of the law, and that he would be better served by the assistance of counsel should this matter go to trial. (Docket No. 3.) However, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to

3

request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's asserted grounds do not establish exceptional circumstances. Accordingly, the motion is **DENIED** for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

Plaintiff has filed a proposed "Order to Show Cause for a Preliminary and Temporary Restraining Order." (Docket No. 4.) Because the matter has been dismissed with leave to amend and no defendant has yet been served in this matter, such an order is premature. Plaintiff is advised that the Court will not entertain any such motion until the action has been narrowed down to the proper Defendants and this matter proceeds to briefing.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint that complies with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. The amended complaint must include the caption and civil case number used in this order, Case No. C 18-03972 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

4

Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Docket No. 3.

**IT IS SO ORDERED.**

**Dated:** November 5, 2018

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order of DWLTA; Denying Mot. for Appt. of Counsel
PRO-SE\BLF\CR.18\00034Causey_dwlta.mots

5