UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SHIKEB SADDOZAI, | Case No. 18-03972 BLF (PR) |
|---|---|
| Plaintiff, | |
| v. | **ORDER OF PARTIAL DISMISSAL AND SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |
| A. ARQUEZA, | |
| Defendant. | |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court twice dismissed the complaint with leave to amend for Plaintiff to comply with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. (Docket Nos. 10, 19.) Plaintiff has filed a second amended complaint. (Docket No. 23, hereinafter "SAC.")

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

1  cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that on or about April 30, 2018, while detained in the Sheriff's custody at the San Mateo County – Maguire Correctional Facility, he was repeatedly beaten and battered by Defendant Sheriff Deputy A. Arqueza (Badge #314), in retaliation for requesting a jail grievance form. (SAC at 4.) Plaintiff claims Defendant Arqueza threw him onto the ground, placed his body weight and knees onto his head, back, legs and arms, while handcuffing Plaintiff behind his back, and that the handcuffs were also applied extremely tight. (*Id.*) Plaintiff claims that all times, he did not resist nor pose a threat, and that he was complaint to Defendant Arqueza's commands prior and after being beaten. (*Id.*) Plaintiff claims that Defendant then placed him, barefoot, in a holding cell where he then threatened Plaintiff with violence. (*Id.*) Plaintiff claims that Defendant Arqueza prevented him from seeking medical attention while in the holding cell. (*Id.* at 5.) Plaintiff also claims that Defendant Arqueza exposed him to unsanitary conditions in the holding cell, and later transferred him to a different housing unit and assigned him to a cell with worse conditions of confinement. (*Id.*) Based on these actions, Plaintiff claims Defendant Arqueza violated his rights under the First, Eighth, and Fourteenth Amendments. (*Id.* at 4-5.) Plaintiff seeks declaratory and injunctive relief as well as damages. (*Id.* at 6.) Liberally construed, Plaintiff's allegations are sufficient to state a cognizable claim against Defendant Arqueza under the Eighth Amendment for excessive

force, *see Farmer v. Brennan*, 511 U.S. 824, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 6 (1992), deliberate indifference to serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), and unsanitary prison conditions, *see Farmer*, 511 U.S. at 832.

However, the Court finds Plaintiff fails to state a retaliation claim under the First Amendment. Plaintiff was already advised that in order to state a retaliation claim, he must allege five basic elements under *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). (Docket No. 19 at 8-9.) Here again, Plaintiff fails to allege that Defendant's adverse actions chilled the exercise of his First Amendment rights and that the action did not reasonably advance a legitimate correctional goal. (*Id.* at 9.) Plaintiff has already been afforded two opportunities to amend, and this Court has broad discretion to deny leave to amend where Plaintiff has already been granted leave to file an amended complaint. *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, Plaintiff shall not be afforded any further opportunity to correct this deficiency.

Plaintiff also claims that Defendant Arqueza confiscated and reviewed his property outside of his presence, including legal documents, in order to prevent Plaintiff from initiating a complaint and assisting in ongoing criminal proceedings in violation of the First and Sixth Amendments. (SAC at 5.) For the same reason discussed above, Plaintiff still fails to state a First Amendment retaliation based on these allegations. Nor does the Court see any basis to support a Sixth Amendment claim because this action does not involve any ongoing criminal prosecution against Plaintiff. Accordingly, the Sixth Amendment claim must be dismissed for failure to state a claim for relief.

Lastly, Plaintiff claims Defendant Arquez presented him with false disciplinary charges without a hearing or justification which resulted in the loss of various privileges. violating his rights under the First, Eighth, and Fourteenth Amendments. (*Id.*) Liberally construed, the allegation is sufficient to state a due process claim under the Fourteenth

3

Amendment, *see Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), but no claim under the First or Eighth Amendments.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. Plaintiff's claims under the First and Sixth Amendments are DISMISSED for failure to state a claim. The only claims that will proceed in this action are under the Eighth Amendment for excessive force, deliberate indifference to serious medical needs, and unsanitary conditions, as well as a due process claim for an allegedly false and unjustified disciplinary action.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the second amended complaint, (Docket No. 23), all attachments thereto, and a copy of this order upon **Defendant Deputy Sheriff A. Arqueza (Badge #314)** at the **San Mateo County Jail – Maguire Facility, (300 Bradford Street, Redwood City, CA 94063).** The Clerk shall also mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver

4

form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See*

5

*Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED**

Dated: December 16, 2019

BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal and Svc
PRO-SE\BLF\CR.18\03972Saddozai_svc

6