UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>v.<br><br>CARLOS BOLANOS, et al.,<br><br>    Defendants. | Case No. 18-03972 BLF (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO LOCATE SUCCESSOR OR REPRESENTATIVE FOR DECEASED DEFENDANT; GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; DENYING MOTIONS RE APPOINTMENT OF COUNSEL; INSTRUCTIONS TO CLERK**<br><br>(Docket Nos. 31, 33) |

Plaintiff, a state prisoner proceeding pro se filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 16, 2019, the Court found the second amended complaint, liberally construed, stated cognizable Eighth Amendment claims against Defendant Sheriff Arqueza of San Mateo County. Dkt. No. 27 at 2-3.[1] The Court ordered the matter served on Defendant, directing him to file a dispositive motion or notice regarding such motion. Id. On January 14, 2020, counsel for the County of San Mateo filed a Statement Noting Death of Defendant A. Arqueza, who passed away on July 16, 2019, during the pendency of this action. Dkt. No. 29. The statement of death was also

---

[1] In the same order, the Court dismissed Plaintiff's claims under the First and Sixth Amendments for failure to state claim. Dkt. No. 27 at 4.

served on Plaintiff at the California Correctional Institution in Tehachapi. Dkt. No. 29-1. However, it is unclear whether Plaintiff ever received this notice because the next day, on January 15, 2020, the Court received a Notice of Change of Address from Plaintiff, stating that his current address was now Corcoran State Prison ("CSP"). Dkt. No. 30. Accordingly, the Court will order the Clerk to serve a copy of the Statement Noting Death of Defendant on Plaintiff along with a copy of this order.

## DISCUSSION

### A. Deceased Defendant

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a). Two things are required of a party for the running of the 90 day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). A party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232-34. Rule 25 requires dismissal absent a motion for substitution within the 90-day period only if the statement of death was properly served. *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469-71 (2d Cir. 1998). Accordingly, Plaintiff may attempt to locate Defendant Arqueza's successor or representative, and then request the Court order the Marshal to serve them with a statement noting the death of Defendant Arqueza. With the notice, Plaintiff must file a motion for substitution of the decedent party under Rule 25(3) of the Federal Rules of Civil

2

Procedure, which will be served on the successor or representative along with the statement of death.

Furthermore, because Defendant Arqueza has not yet been served in this action, the claims against him may be subject to dismissal under Rule 4(m).[2] Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending since July 2, 2018. Dkt. No. 1. If Defendant's successor or representative is not served in due course, absent a showing of "good cause," Plaintiff's claims against these Defendants shall be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m). Plaintiff must provide the U.S. Marshal with sufficient information to effectuate service or face dismissal of his complaint without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

B.  **Motion for Appointment of Counsel**

Plaintiff has filed a third motion for appointment of counsel.[3] Dkt. No. 31. He has also filed a motion for reconsideration of the last court order denying him appointment of counsel, based on the same grounds. Dkt. No. 33. In the motion, Plaintiff also generally requests a preliminary injunction and court order for prison officials to "cease and desist

---

[2] The Court notes that the Statement of Death for Defendant Arqueza was filed by counsel for Sheriff Carlos G. Bolanos, who no longer a party to this action, on behalf of the County of San Mateo, and not as representing Defendant Arqueza's estate. Dkt. No. 29. No counsel has appeared on behalf of Defendant Arqueza, who therefore remains unserved in this matter.

[3] The Court denied Plaintiff's past two motions for appointment of counsel for lack of extraordinary circumstances. Dkt. Nos. 10, 26.

3

violence, harassment and retaliation to interefer[e] with plaintiff's civil action." Dkt. No. 31 at 2. As stated above, Plaintiff is currently being housed at CSP, which is not a party to this action. Accordingly, the Court has no jurisdiction over CSP or any of its employees in this action to issue an injunctive order against them. Plaintiff must file any new claims against CSP employees in a separate civil rights action.

Plaintiff asserts the same reasons as in his previous motions: lack of legal material and access to the law library and legal assistance. Dkt. No. 31 at 4, 6. The Court also notes that despite the challenges he alleges, Plaintiff managed to file another "amended complaint" on March 5, 2020. Dkt. No. 32. Accordingly, the motions for appointment of counsel and reconsideration are **DENIED** for lack of changed circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

C. **Third Amended Complaint**

Plaintiff filed an "amended complaint" on March 5, 2020, which constitutes a THIRD amended complaint. Dkt. No. 32. Plaintiff only names Defendant Arqueza as a defendant and raises claims based on the same underlying event, i.e., excessive force on April 30, 2018. Dkt. No. 32 at 4. For the first time, he alleges that he was a pretrial detainee at the time and that his rights under the Fourteenth Amendment were violated. *Id.* Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). The Court finds good cause to grant the amendment which identifies the appropriate standard for pretrial detainees under the Fourteenth Amendment rather than the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016)

4

(en banc). Accordingly, the Court construes the filing of this third amended complaint as a motion for leave to do so and GRANTS the motion in the interest of justice. However, third amended complaint cannot be served on Defendant until Plaintiff has successfully provided the Court with an address for Defendant Arqueza's successor or representative and moves for substitution of the decedent party.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Because the sole defendant in this action, Defendant Deputy Arqueza, has passed away, this matter can only proceed if Plaintiff is able to locate a successor or representative for Defendant. Plaintiff may attempt to locate **Defendant Arqueza's successor or representative** and provide the Court with an appropriate address where the Marshal can serve them with a suggestion noting the death of Defendant Arqueza. Along with the location information, Plaintiff must file a motion for substitution of the deceased party under Rule 25. If substitution is not made within ninety days after service of a statement of Defendant Arqueza's death, the claims against Defendant Arqueza shall be dismissed.

Separately, this action may be subject to dismissal under Rule 4(m) if service is not effectuated in due course. In the interest of justice, the Court will grant Plaintiff an extension of time to comply with Rule 4(m). **No later than ninety (90) days from the date this order is filed**, Plaintiff must provide the Court with an address to serve Defendant Arqueza's successor or representative. Failure to do so will result in the dismissal without prejudice of this action and without further notice to Plaintiff.

2. Plaintiff's motion for appointment of counsel, Dkt. No. 31, and motion for reconsideration of the court's order denying his last such order, Dkt. No. 33, are DENIED.

3. Plaintiff's third amended complaint is deemed the operative complaint in this action. Dkt. No. 32.

5

4. The Clerk of the Court shall include a copy of the Statement Noting the Death of Defendant Arqueza, Dkt. No. 29, with a copy of this order to Plaintiff, along with a certificate of service.

This order terminates Docket Nos. 31 and 33.

**IT IS SO ORDERED.**

Dated: **March 25, 2020**

BETH LABSON FREEMAN
United States District Judge