UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CARLOS BOLANOS, et al.,<br><br>　　　　　Defendants. | Case No. 18-03972 BLF (PR)<br><br>**ORDER SCREENING THIRD AMENDED COMPLAINT FOR CLAIMS AGAINST NEWLY NAMED DEFENDANTS; OF DISMISSAL** |

　　　　Plaintiff, a state prisoner proceeding *pro se* filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  On December 16, 2019, the Court found the second amended complaint, liberally construed, stated cognizable Eighth Amendment claims against Defendant Sheriff Arqueza of San Mateo County.  Dkt. No. 27 at 2-3.[1]  Plaintiff then filed a third amended complaint on March 5, 2020.  Dkt. No. 32.  The Court granted leave to amend the claims against Defendant Arqueza under the Fourteenth Amendment, but did not address claims against newly named defendants, the Sheriff of San Mateo County and the City of Redwood City.  Dkt. No. 34.  The Court will herein screen the third amended complaint for claims against these new defendants and also address the matter of yet

---

[1] In the same order, the Court dismissed Plaintiff's claims under the First and Sixth Amendments for failure to state claim.  Dkt. No. 27 at 4.

unserved Defendant Arqueza.

## DISCUSSION

### A.  Claims Against Newly Named Defendants

The Court found the second amended complaint stated cognizable claims under the Eighth Amendment against Defendant Arqueza, based on his actions while Plaintiff was in custody at the Maguire Correctional Facility ("MCF") in San Mateo County on April 30, 2018. Dkt. No. 27. In the third amended complaint, Plaintiff alleged for the first time that he was pretrial detainee at the time and that his rights under the Fourteenth Amendment were violated. Dkt. No. 32 at 4. The Court found good cause for the amendment because Plaintiff identified the appropriate standard for pretrial detainees under the Fourteenth Amendment rather than the Eighth Amendment. Dkt. No. 34 at 4-5. The Court overlooked the fact that the third amended complaint also named as defendants the Sheriff of San Mateo County and the City of Redwood City (the "City") and did not address the allegations against them. Dkt. No. 32 at 2. The Court will therefore complete its screening of the third amended complaint.

Plaintiff claims Defendant Arquez was acting "as the agent, servant, and employee of the defendant, Sheriff of San Mateo County" when he committed the acts against Plaintiff. Dkt. No. 32 at 4. Plaintiff claims the Sheriff "conspired or acted jointly under the color of state law pursuant to a policy or custom with the defendant The City of Redwood City California, and liable for the Sheriff's actions whom are county policy-makers at least for the purpose of the jail management." *Id.* Plaintiff claims generally that these newly named Defendants deprived his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id.* Plaintiff also seeks to add state law claims under supplemental jurisdiction. *Id.*

Plaintiff fails to allege sufficient facts to support a claim against Sheriff Bolanos and the City. Based on his general allegations, Plaintiff is attempting to hold the Sheriff

2

and the City liable solely based on the acts of their subordinates and employees, which is not sufficient to state a claim. *See supra* at 2. First of all, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Nor can a city or county be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted). Plaintiff's allegations in the third amended complaint regarding a conspiracy and a policy are merely conclusory and not supported by any factual allegations.

Normally, Plaintiff would be granted leave to amend, but the Court finds good cause to deny leave to do so. Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Hall v. City of Los Angeles*, 697 F.3d 1059, 1073 (9th Cir. 2012) (internal quotations and citations omitted). Leave need not be granted where the amendment of the complaint would cause

3

the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co.*, 42 F.3d at 566; *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981). A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The Court notes that the Sheriff was named in the original complaint as Sheriff Carlos Bolanos, who was later terminated because Plaintiff's amended complaint did not name him as a defendant. Dkt. No. 14. The first amended complaint was filed on December 14, 2018. *Id.* Plaintiff's second amended complaint was filed on August 16, 2019, and also did not name the Sheriff. Plaintiff provides no explanation as to why he did not attempt to allege sufficient facts against the Sheriff in his prior amendments or why he waited well over a year to seek to add the City as a defendant. Accordingly, the Court finds Plaintiff fails to justify the undue delay in adding new claims against these defendants. The Court therefore exercises its broad discretion to deny leave to amend since Plaintiff has previously been granted three amendments. *See Wagh*, 363 F.3d at 830.

### B.  Unserved Defendant Arqueza

On January 14, 2020, counsel for the County of San Mateo filed a Statement Noting Death of Defendant A. Arqueza, who passed away on July 16, 2019, during the pendency of this action. Dkt. No. 29. The statement of death was also served on Plaintiff at the California Correctional Institution in Tehachapi. Dkt. No. 29-1. Because it was unclear whether Plaintiff ever received this notice, the Court directed the Clerk to serve a copy of the Statement Noting Death of Defendant on Plaintiff along with a copy of its order on March 25, 2020. Dkt. No. 34. Plaintiff was advised to attempt to locate Defendant Arqueza's successor or representative, and then request the Court order the Marshal to serve them with a statement noting the death of Defendant Arqueza. Dkt. No. 34 at 2. Plaintiff was also advised that because Defendant Arqueza had not yet been served in this

action, the claims against him may be subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* Plaintiff was given ninety days from the date the order was filed to respond. *Id.* at 5.

The time to comply has passed, and Plaintiff has failed to provide any information regarding service of this action on Defendant Arqueza's successor or representative. Therefore, the claims against Defendant Arqueza are **DISMISSED** without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims against Defendants Sheriff and the City of Redwood City in the third amended complaint are DISMISSED for failure to state a claim and without leave to amend.

2. The claims against Defendant Arqueza are DISMISSED without prejudice under Rule 4(m).

There remaining no other claims in this matter, the entire case is DISMISSED.

The Clerk shall terminate any pending motions as moot and close the file.

**IT IS SO ORDERED.**

Dated: __August 10, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order Screening New Claims; of Dismissal
PRO-SE\BLF\CR.18\03972Saddozai_dism