UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS BOLANOS, et al.,<br><br>Defendants. | Case No. 18-03972 BLF (PR)<br><br>**ORDER ON REMAND; REQUESTING DEFENDANT'S COUNSEL TO IDENTIFY THE SUCCESSOR FOR DECEASED DEFENDANT A. ARQUEZA** |

Plaintiff, a state prisoner proceeding *pro se* filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 16, 2019, the Court found the second amended complaint, liberally construed, stated cognizable Eighth Amendment claims against Defendant Sheriff A. Arqueza of San Mateo County. Dkt. No. 27 at 2-3.[1] Plaintiff then filed a third amended complaint on March 5, 2020. Dkt. No. 32. The Court granted leave to amend the claims against Defendant Arqueza under the Fourteenth Amendment, but did not address claims against newly named defendants, the Sheriff of San Mateo County and the City of Redwood City. Dkt. No. 34. The Court screened the third amended complaint and found it failed to state a claim against the new defendants. Dkt. No. 36 at 2-4. The

---

[1] In the same order, the Court dismissed Plaintiff's claims under the First and Sixth Amendments for failure to state claim. Dkt. No. 27 at 4.

Court also found Plaintiff had failed to provide any information to serve this action on the successor or representative of then deceased Defendant A. Arqueza, and dismissed the claims against him without prejudice under Federal Rule of Civil Procedure 4(m). *Id.* at 4-5. The Court entered judgment on August 10, 2020. Dkt. No. 37. Plaintiff appealed.

On February 18, 2022, the Ninth Circuit found the court improperly placed the burden to locate and identify the successor upon Plaintiff, a *pro se* prisoner plaintiff. Dkt. No. 48 at 2, citing *Gilmore v. Lockard*, 936 F.3d 857, 867 (9th Cir. 2019) (holding that it was error to place the burden on a pro se prisoner plaintiff to identify decedent's successor or personal representative and that Rule 25(a)'s 90-day requirement for substitution was not triggered). The Ninth Circuit therefore vacated and remanded the matter.

In light of this remand, the Court requests Defendants' counsel, San Mateo County Counsel, to identify the successor to deceased Defendant A. Arqueza and file notice **within ninety (90) days** from the date this order is filed. Counsel shall also serve the notice on Plaintiff.

**IT IS SO ORDERED.**

Dated:  __March 28, 2022____

BETH LABSON FREEMAN
United States District Judge

Order on Remand; Requesting Def. Counsel
PRO-SE\BLF\CR.18\03972Saddozai_remand

2