UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. ARQUEZA,<br><br>　　　　　Defendant. | Case No. 18-cv-03972 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL OR GUARDIAN AD LITEM; DENYING MOTION FOR RECUSAL**<br><br>(Docket Nos. 56, 62) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter was reopened on remand, and deceased Defendant A. Arqueza has been substituted by his successor, Ms. Terry Arqueza, in this action. Dkt. Nos. 50, 52. Defendant's summary judgment is currently due by November 15, 2022. Dkt. No. 63.

Plaintiff has filed a motion for appointment of counsel, Dkt. No. 56, and a motion to disqualify (or recuse) the Undersigned, Dkt. No. 62. The Court addresses these motions below.

**DISCUSSION**

**A.　Motion for Appointment of Counsel or Guardian Ad Litem**

Plaintiff has filed motion for appointment of counsel or "attorney ad litem." Dkt.

No. 56 et seq.  Among his many assertions, Plaintiff claims that he cannot afford counsel, the issues are complex, he has no legal knowledge, limited resources, lockdowns, and restrictions on services, and that he would be better served with the assistance of counsel in identifying issues, conducting investigation and discovery, and preparing for trial.  *Id.*

The Court has denied four previous motions for appointment of counsel.  Dkt. Nos. 10, 16, 26, 34.  For the first time, Plaintiff asserts that appointment of counsel or a guardian ad litem is warranted under Federal Rule of Civil Procedure 17(c).  *Id.* at 3.  The Court considers his reasons below.

1. **28 U.S.C. § 1915**

As Plaintiff has been advised several times, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Here, Plaintiff presents no new facts in the instant motion for this Court to reconsider appointment of counsel as circumstances involving indigency, lack of legal knowledge, limited access to the library, lockdowns, and restrictions on services are not exceptional among prisoner-plaintiffs.  With regards to complexity of the issues, Dkt. No. 56-1 at 1, 2, the Eighth Amendment claim that remains against the single defendant in this action is not so complex to warrant the assistance of counsel.  With regards to Plaintiff's allegations of retaliatory staff misconduct that has impacted his ability to litigate this matter, Dkt. No. 56-3, the prison grievance procedures provide an adequate remedy to overcome these challenges, and the attached papers show that he has been able to receive some relief.  *See, e.g.,* Dkt. No. 56-5 at 10-11.  Furthermore, Plaintiff should file his due process claims

against law library staff in a separate § 1983 action, as he cannot pursue what amount to new and unrelated claims against non-parties in this action. Dkt. No. 56-4. Lastly, such circumstances are not so "exceptional" to warrant appointment of counsel in this action. Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### 2. **Fed. R. Civ, P. 17(c)**

Based on his assertion of mental health issues, the Court will also consider whether Plaintiff warrants appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c), which provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or aby a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question" exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. *See, e.g., Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003).

The Ninth Circuit found a "substantial question" regarding competence where a pro se prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant was under his care, had been diagnosed with schizophrenia, and was taking psychotropic medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a pro

se litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997). The Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetence in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional. *See Powell*, 680 F.3d at 308-09. The Second Circuit has indicated that "verifiable evidence" could take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c). *See Ferrelli*, 323 F.3d at 201-02.

Plaintiff asserts that he incapable of representing himself due to his "clinical assessment with the Mental Health Services Delivery System." Dkt. No. 56 at 3. He also claims that he suffers "sufficient physical disabilities in his dominant hand and arm with radial loss of function" which "impede and frustrat[e] his ability" to litigate this matter. *Id.* However, Plaintiff submits no evidence of incompetence. He attaches over 150 pages of exhibits, none of which indicates that he is incompetent. Dkt. Nos. 56, 56-4, 56-5. Rather, these exhibits contain copies of prison forms and correspondence that demonstrate Plaintiff's ability to pursue various prison complaints competently and vigorously, including challenging access to legal resources. Dkt. No. 56 at 5-73; Dkt. No. 56-4 at 17-57; Dkt. No. 56-5. Thus far, Plaintiff has shown an ability to articulate his claims despite his alleged mental health issues. Moreover, Plaintiff provides no letter from a mental health professional or other "verifiable evidence" of his incompetence to trigger this Court's duty of inquiry. *See Ferrelli*, 323 F.3d at 201-02. Rather, one copy of what appears to be an extract from Plaintiff's mental health records dated November 14, 2019, contains notes written by a psychologist which states, "Patient appears to generally function without mental health issues…"; this statement does not support a claim of incompetence. Dkt. No. 56 at 36. Plaintiff's mere assertion that he needs the assistance of counsel to proceed with the case, without more, is not sufficient to raise a substantial

question. *See, e.g., Day*, 1997 WL 686016, at *2. Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Plaintiff's competence and therefore no duty of inquiry. *See Allen*, 408 F.3d at 1152; *Ferrelli*, 323 F.3d at 201-02. Plaintiff does not warrant appointment of a guardian ad litem under Rule 17(c).

B.  **Motion to Disqualify**

Plaintiff has filed a "motion for order to disqualify district court judge pursuant [to] Title 28 U.S.C. §§ 144 and 455," which the Court construes as a motion for recusal. Dkt. No. 62. The Court denied a previous motion earlier in this action. Dkt. No. 25.

Plaintiff asserts that the Undersigned has a "personal bias and prejudice" against him and "is in favor of the adverse party, such so that plaintiff cannot, and believes that plaintiff cannot have a fair and impartial trial and hearing before this judge." *Id.* at 2. In an attached affidavit, Plaintiff alleges that the Undersigned has "indicated a personal bias and prejudice against [him] out of invidious retaliatory and discriminatory animus arising from [his] poverty; imprisonment; and race because [he is] a distinct class made obvious by [his] name, supported by [the Undersigned] making improper remarks and insensitive comments about [him] in response to [his] civil complaint(s), also showing an impartiality in judgment." Dkt. No. 62-1 at 2. Plaintiff claims that the Undersigned "deliberately and repeatedly" denied his requests for appointment of counsel "upon having advance evidence and knowledge of extraordinary circumstances that are exceptional reasons restricting [his] ability from commencing and effectively litigating [his] case in pro se…." *Id.* at 3. He also alleges that the Undersigned made "improper remarks and called [him] a prolific filer" and that such comments are sufficient facts showing impartiality and indicating bias. *Id.* at 4. Plaintiff claims the Undersigned made him "compromise [his] integrity by forcing [him] to amend [his] complaint multiple times intentionally as punitive retaliator tactics due to conflict of interest…." *Id.* Plaintiff also claims that there have been delays and dismissals that caused him financial burden, loss, and hardship, resulting in gain and unjust

enrichment for the Court by "theft by deception, felony, misappropriation of funds, dishonest services thru scheme or artifice to defraud [him] and to obstruct justice." *Id.* at 5. Lastly, Plaintiff claims that the Undersigned "deliberately and repeatedly rejected and excluded evidence" which "supports a square conflict with judge, prejudicial error and planned subversion of justice to infringe on [his] constitutional rights." *Id.* at 6.

Motions to recuse a district court judge fall under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Sections 144 and 455 ask whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. *Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person. *Id.* As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Here, Plaintiff's assertions regarding personal bias, prejudice, and financial gain are simply conclusory. The Court does not have nor has ever expressed any "discriminatory animus" against Plaintiff based on his poverty, imprisonment, or race, and no improper remarks have ever been made showing lack of impartiality. Nor has there been any unjust enrichment or financial gain by the Court. Rather, the decisions by this Court to deny appointment of counsel, grant leave to amend, dismiss matters, and disallow evidence were all supported by correct legal authority and proper analysis. *See, e.g.,* Dkt. Nos. 10, 16, 19, 26, 27. Accordingly, Plaintiff's conclusory assertions are not sufficient to overcome the presumption that this Court has been fair and impartial in this action. Plaintiff may appeal the decision to the Ninth

Circuit, but otherwise has no basis for moving to recuse the Court from this matter. The motion for disqualification is **DENIED**. Dkt. No. 62.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for appointment of counsel or guardian ad litem is DENIED. Dkt. No. 56. Plaintiff's motion for recusal is DENIED. Dkt. No. 62. This order terminates Docket Nos. 56 and 62.

**IT IS SO ORDERED.**

Dated: \_\_\_**October 7, 2022**\_\_\_\_

BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for Appt. of Counsel; Deny Recusal
PRO-SE\BLF\CR.18\03972Saddozai_atty