UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>    v.<br><br>A. ARQUEZA,<br><br>    Defendant. | Case No. 18-cv-03972 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR ENTRY OF PROTECTIVE ORDER; GRANTING MOTION TO SEAL DOCUMENTS; GRANTING MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION; TERMINATING OTHER MOTIONS**<br><br>(Docket Nos. 65, 66, 68, 69, 70, 75) |

    Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter was reopened on remand, and deceased Defendant A. Arqueza has been substituted by his successor, Ms. Terry Arqueza, in this action. Dkt. Nos. 50, 52.

    On October 21, 2022, Defendant filed an administrative motion for entry of protective order, Dkt. No. 65, and the proposed protective order, Dkt. No. 66. On November 14, 2022, Defendant filed notice of Plaintiff's non-opposition to their motion. Dkt. No. 14. On November 15, 2022, Defendant filed an administrative motion to seal documents in support of their summary judgment motion and renewed motion for protective order. Dkt. Nos. 69, 70. At the same time, Defendants filed a motion for summary judgment. Dkt. No. 71.

    Because it appeared that Plaintiff was out to court and may not have received his

latest mail, Dkt. No. 67, the Court allowed the matter to remain pending for Plaintiff to return and respond to the latest filings.  Plaintiff did so on December 2, 2022, by filing a motion for an extension of time to file opposition to Defendants' summary judgment and request for judicial notice, Dkt. No. 75, and an opposition to Defendant's proposed protective order, Dkt. No. 76.  Defendant filed opposition to Plaintiff's request for an extension of time, Dkt. No. 78, and a reply to their motion for entry of protective order, Dkt. Nos. 79.  The Court addresses these pending motions below.

## DISCUSSION

### A. Motion for Entry of Protective Order

Defendant requests that the Court adopt their proposed Protective Order pursuant to Local Rule 7-11, so that Defendant may designate and produce certain confidential records in discovery to Plaintiff.  Dkt. No. 65 at 2.  Defendant states that some of the discovery Plaintiff seeks include sensitive information related to the non-public, detailed operations of Maguire Correctional Facility, including records that may disclose confidential details about jail staffing, facility layouts, and security procedures.  *Id.*  Defendant reached out to Plaintiff by mail, asking if he would stipulate to use the Court's model Stipulated Protective Order.  Trela Decl. ¶ 3, Ex. A; Dkt. No. 65-1.  Defendant's counsel indicated that if she did not hear from Plaintiff by October 21, 2022, she would move the Court to implement the model protective order so she could produce confidential records in discovery.  *Id.*  When she did not hear from Plaintiff, counsel proceeded to file the instant request on October 21, 2022.

The Court notes that on October 29, 2022, mail sent to Plaintiff was returned as undeliverable, with the notation, "Inmate out to court."  Dkt. No. 67.  This is confirmed by Plaintiff's motion for an extension of time filed on December 2, 2022, wherein he states he was transported from prison to San Mateo Superior Court on or about October 13, 2022, and then returned on October 24, 2022.  Dkt. No. 75 at 3.  Plaintiff also filed an opposition

2

to Defendant's request for entry of protective order. Dkt. No. 76. He asserts that when he returned, the facility was placed on a 7-day lockdown until November 2022. *Id.* at 4. He moves the Court for an order compelling production of discovery, including documents, video surveillance, and admissions. *Id.* at 1-2. It appears that Plaintiff is unclear about the purpose of the protective order. As Defendant points out in reply, Plaintiff simply contends that he should be given access to responsive documents, on which point Defendant agrees. Dkt. No. 79 at 2.

Federal Rule of Civil procedure 26(c) provides that a party "from whom discovery is sought may move for a protective order in the court where the action is pending." The Court finds good cause exists due to the confidential and sensitive nature of some of the documents requested in discovery to grant the request. Defendant submits the Northern District of California's Model Protective Order, Dkt. No. 65-1, and states that he will follow appropriate procedures under Local Rule 79-5 and Standing Order § 5 and properly move to seal any confidential records that it intends to file on the docket. Dkt. No. 65 at 2. Defendant has done so, having since filed an administrative motion to seal documents in support of his motion for summary judgment. Dkt. Nos. 69, 70. Accordingly, Defendant's motion for entry of protective order pursuant to Rule 26(c) is GRANTED. Dkt. No. 65. The Court will adopt Defendant's proposed order submitted with their motion. Dkt. No. 66

Plaintiff is advised that the protective order does not interfere with his right to discovery. It merely requires that Plaintiff comply with the procedures set forth in the protective order with regard to any protected material provided to him by Defendant. Accordingly, he must abide by the protective order throughout and after final disposition of this action. Dkt. No. 66.

B. **Motion to Seal Documents**

Consistent with his motion for entry of a protective order, Defendant filed an administrative motion to seal documents in support of his motion for summary judgment.

Dkt. No. 70. The request is made on the basis that: (1) Plaintiff's medical information is presumptively entitled to privacy, subject to Plaintiff's decision to waive those protections (Exs. 1-7); (2) the law enforcement officer personnel history information is entitled to protection as official information (Ex. 8); and (3) the jail surveillance footage would pose an institutional security risk if publicly disclosed and would violate the privacy of third-party inmates (Ex. 9). *Id.* at 2. Defendant seeks to designate the law enforcement officers' personnel history information and jail surveillance footage as confidential under the protective order and will serve the sealed version of those exhibits on Plaintiff once the protective order is in place. *Id.* Plaintiff has not filed an objection to this motion.

The Court has considered Defendant's motion, including the exhibits at issue submitted for *in camera* review, and the declarations of Lt. D. Guiney of the San Mateo County Sheriff's Office and Deputy County Attorney Sarah H. Trela filed in support of Defendant's sealing request. Dkt. Nos. 69-1, et seq. Defendant has established that there are compelling reasons that outweigh disclosure to the public. *See* L.R. 79-5(b), (g). Accordingly, Defendant's administrative motion to file the specified exhibits under seal is GRANTED. Dkt. No. 70. Defendant shall serve the sealed copies on Plaintiff.

**C.      Plaintiff's Motion for Extension of Time and Request for Judicial Notice**

Plaintiff has filed a motion for an extension of time to file opposition to Defendant's summary judgment motion. Dkt. No. 75. He requests an extension until February 28, 2023. *Id.* at 4. Plaintiff also requests the Court take judicial notice of grievances he filed while in the custody of the San Mateo County Sheriff's office. *Id.* at 4. Defendant objects to such a lengthy extension of time and suggests that 30 days would be appropriate under the circumstances. Dkt. No. 78 at 2. Defendant also objects to the Court taking judicial notice of unauthenticated pages of matters that are unrelated both to the claims in this action and Plaintiff's need for an extension of time. *Id.*

The Court need not take judicial notice of the papers provided with Plaintiff's motion as they are irrelevant to his motion and beyond the scope of this action.

Accordingly, that request is DENIED. On the other hand, good cause appearing, Plaintiff's motion for extension of time is GRANTED IN PART. Defendant shall file notice that he has served Plaintiff with the sealed versions of the exhibits in support of his summary judgment in the time provided below. Plaintiff's opposition shall be due twenty-eight days thereafter.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendant's motion for entry of protective order is **GRANTED**. Dkt. No. 65. The Court shall adopt the proposed protective order submitted by Defendant. Dkt. No. 66. Defendant's notice of non-opposition shall be terminated as a motion. Dkt. No. 68.

2. Defendant's motion to seal documents in support of his motion for summary judgment is **GRANTED**. Dkt. Nos. 69, 70.

3. Defendant shall serve Plaintiff with a copy of the sealed exhibits in support of his summary judgment motion **no later than seven (7) days** from the date this order is filed. On the same day, Defendant shall file notice with the Court that he has done so with a copy of the certificate of service.

3. Plaintiff's motion for an extension of time to file opposition to Defendant's summary judgment is **GRANTED IN PART**. Dkt. No. 75.

Plaintiff's opposition shall be due **no later than twenty-eight (28) days** from the date Defendant files notice of service of the sealed exhibits discussed above on Plaintiff. Plaintiff's motion for judicial notice is **DENIED**.

4. Defendant *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

This order terminates Docket Nos. 65, 66, 68, 69, 70, and 75.

///

///

**IT IS SO ORDERED.**

Dated: __January 17, 2023____

BETH LABSON FREEMAN
United States District Judge

Order Granting Protective Order; to Seal; Terminating Other Mots.
PRO-SE\BLF\CR.18\03972Saddozai_prot.order&seal_eot-opp