1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIKEB SADDOZAI,

Plaintiff,

v.

CARLOS BOLANOS, et al.,

Defendants.

Case No. 18-cv-03972 BLF (PR)

**ORDER GRANTING MOTION FOR THIRD EXTENSION OF TIME TO FILE OPPOSITION; DENYING MOTION TO COMPEL; ADDRESSING OBJECTIONS; GRANTING MOTION TO ENFORCE PRIOR SEALING ORDER; INSTRUCTIONS TO CLERK**

(Docket Nos. 93, 96, 99, 102)

Plaintiff, a California inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983.  On November 15, 2022, Defendant T. Arqueza filed a motion for summary judgment on various grounds.  Dkt. No. 71.  The parties have filed several motions and papers which the Court addresses below.  Dkt. Nos. 93,

**DISCUSSION**

**A.      Plaintiff's Motion to Compel**

Plaintiff has filed a motion to compel Defendant to supply him with all case law and authorities relied on throughout this litigation.  Dkt. No. 93 at 2.  Plaintiff cites difficulties to obtain these resources through the prison law library and asserts that he needs them to respond to Defendant's papers without them.  *Id.* at 4.  He also asserts that the legal

United States District Court
Northern District of California

1  research cited by defendants are known only to them and discoverable because they are

2  inaccessible to Plaintiff.  *Id.* at 6.  the production of these case laws and authorities would

3  uncover evidence that they are inapplicable and cause him to "under take a wild good

4  case." *Id.*  Plaintiff claims that he has been "bombarded with a slew of filings; court

5  orders; and actions requested by attorney's requiring response... diverting time and energy

6  preventing prosecution of court actions in this case." *Id.* at 7.

7  Defendants oppose Plaintiff's motion, asserting that they have no legal obligation to

8  incur the financial and logistical burden of complying with his request and because

9  Plaintiff has a statutory right to access these materials through the prison law library.  Dkt.

10  No. 101.  Defendant asserts Plaintiff has not demonstrated that he has not been able to

11  access law library resources, and that rather, documents he attached to other motions

12  demonstrate available library access.  *Id.* at 2, citing Dkt. No. 96 at 30-31.  Defendant also

13  points out that Plaintiff's filings with this Court belie his assertion that he does not have

14  access to legal case law, as he has filed motions and papers that cite and reference diverse

15  legal cases, statutes, rules, and other authorities.  *Id.*, citing Dkt. No. 97-1, 96, 74.

16  Defendant also asserts that Plaintiff's assertion that case law is not "discoverable" and

17  "known only to defendants/opposing counsel" is patently untrue as published legal cases

18  and other legal authorities are available to Plaintiff.  *Id.* at 3.  Lastly, Defendant, being

19  represented by the San Mateo County Counsel, does not agree to incurring the costs of

20  photocopying and mailing copies of cases that Plaintiff has access to, as it would

21  significantly add to the County's burden in defending this litigation.  *Id.*

22  After reviewing the briefs and the related papers, the Court finds no good cause to

23  grant Plaintiff's motion.  Plaintiff is well aware as a seasoned litigant that he has a

24  statutory right to access case law and authorities through the prison law library, and he has

25  provided no evidence to substantiate his claim that he has been denied such access.

26  Rather, as Defendant points out, Plaintiff's latest filings in this matter contradict his

27  assertion that he has been denied access and thereby hindered from prosecuting this case.

28

2

*See, e.g.*, Dkt. Nos. 96, 97-1.  Nor is the Court persuaded by Plaintiff's assertion that Defendant has misapplied case law in his filings.  All parties are required to abide by Federal Rule of Civil Procedure 11, and certify that their pleadings and motions are well-grounded in fact and have a colorable basis in law or be subject to sanctions.  Fed. R. Civ. P. 11(b), (c).  Accordingly, Plaintiff's motion to compel is DENIED.  Dkt. No. 93.

**B.      Plaintiff's Objections**

Plaintiff filed an objection to "Defense Declaration of Scott Mueller; and Declaration of Opposing Counsel Sarah H. Trela in support of Defendant's Motion for Summary Judgment and Other Actions."  Dkt. No. 94.  This ad hoc filing is not the appropriate way to challenge evidence submitted in support of a summary judgment motion.  Rather, Plaintiff must include his objections and legal arguments in his opposition to Defendant's summary judgment motion.  Accordingly, this filing shall be STRICKEN.

Plaintiff has also filed an objection to "Defense Declaration of Daniel Guiney in Support of Defendant's Administrative Motion; and Other Actions."  Dkt. No. 95.  The administrative motion to which Plaintiff refers can only be Defendant's Administrative Motion to Seal.  Dkt. No. 69.  Plaintiff's objections to this declaration under Federal Rule of Civil Procedure 56 is inapplicable to this declaration which was not submitted to support a summary judgement motion.  Furthermore, the protective order that granted the sealing of certain documents did not interfere with Plaintiff's right to discovery as he has been provided copies of the sealed documents.  Dkt. No. 83.  Accordingly, this objection is DENIED.

**C.      Plaintiff's Motion for Enlargement of Time to File Opposition**

Plaintiff requests an enlargement of time until April 28, 2023, to file opposition to Defendant's summary judgment motion.  Dkt. No. 96.  Defendant does not oppose the motion, although he asserts that Plaintiff has not established good cause.  Dkt. No. 98.  Defendant objects to the Court taking judicial notice of various documents Plaintiff submitted with the motion because they are irrelevant.  *Id.* at 5.

3

United States District Court
Northern District of California

1    Based on Defendant's non-opposition to the motion and Plaintiff's assertion that he

2    still conducting discovery and research, the motion is GRANTED.  Dkt. No. 96.  Judicial

3    notice is DENIED as unnecessary because the attached papers are not relevant to the

4    motion.

5    As this is Plaintiff's third extension of time and Defendant's summary judgment

6    motion has been pending November 15, 2022, no further extensions of time will be

7    granted.

8    **D.    Defendant's Motion to Enforce Prior Sealing Order**

9    Defendant moves to enforce the Court's current sealing order to seal previously

10   redacted information in Plaintiff's filings.  Dkt. No. 99.  Defendant asserts that Plaintiff

11   has violated the Protective Order by publicly filing two identical pages marked

12   CONFIDENTIAL that were produced by Defendant with his Motion to Add Defendants,

13   Dkt. Nos. 97, 97-2.  *Id.* at 2.  Good cause appearing, the motion is GRANTED.  The Clerk

14   shall be ordered to seal the entire document with the offending pages and the Defendant

15   shall be directed to file redacted versions on the public record.

16   Plaintiff is reminded of his obligation to comply with the Protective Order and the

17   Local Rules in order to protect confidential information.  Dkt. Nos. 83, 66.

18   **E.    Plaintiff's Motion to Add Defendants and Defendant's Motion to Stay**

19   On March 30, 2023, Plaintiff filed a motion to add six other officers as Defendants

20   to this action.  Dkt. No. 97.  Plaintiff claims these officers were "on duty" as the time of

21   his altercation with Defendant Arqueza, whose successor is the sole defendant in this case.

22   *Id.* at 3-5.  He appears to assert that these officers did not stop Officer Arqueza during the

23   incident, failed to train him, or failed to discipline him afterwards.  *Id.*

24   Defendant moves to stay this motion pending disposition of his summary judgment

25   motion.  Dkt. No. 102.  Defendant asserts that his summary judgment motion argues that

26   as a matter of law, Officer Arqueza is not liable to Plaintiff for the incident, and if the

27   Court grants the motion, Plaintiff's motion to add defendants would be moot: if Officer

28

Arqueza acted within the law, then there would be no basis for including in this lawsuit other defendants who worked with, trained, or supervised Officer Arqueza as Plaintiff's argument for their liability is contingent on proof that Officer Arqueza did something wrong. *Id.* at 4. Defendant asserts that no prejudice would result from a stay, while briefing the matter now would cause him to incur a burden in preparing a response when the matter may become moot. *Id.* at 5. In the alternative, Defendant requests an extension of time to respond. *Id.*

The Court finds good cause to grant Defendant's request to stay Plaintiff's motion to add Defendants pending resolution of his summary judgment motion. Accordingly, briefing on Plaintiff's motion is STAYED until Defendant's summary judgment has been resolved.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's motion to compel is **DENIED**. Dkt. No. 93.

2.      Plaintiff's objection filed under Docket No. 94 shall be **STRICKEN**. Plaintiff's objection filed under Docket No. 95 is **DENIED** without prejudice to including the objection in his opposition to Defendant's summary judgment motion.

3.      Plaintiff's motion for enlargement of time is **GRANTED**. Plaintiff's opposition to Defendant's summary judgment motion shall be filed **no later than May 5, 2023,** which is an additional seven days from Plaintiff's requested deadline of April 28, 2023. **This is a final extension of time; no further extensions of time shall be granted.**

Defendant shall file a reply **no later than fourteen (14) days** after Plaintiff's opposition is filed.

4.      Defendant's motion to enforce the prior sealing order is **GRANTED**. Dkt. No. 99. The Clerk shall seal all of Docket Nos. 97 and 97-2. Defendant shall file a redacted version on the public record **no later than fourteen (14) days** from the date this

order is filed.

5.      Defendant's motion to stay briefing on Plaintiff's motion to add Defendants is **GRANTED**.  Dkt. No. 102.  Plaintiff's motion to add Defendants shall be **STAYED** pending resolution of Defendant's summary judgment motion.  Dkt. No. 97.

This order terminates Docket Nos. 93, 96, 99, and 102.

**IT IS SO ORDERED.**

Dated:   **__April 18, 2023_____**

BETH LABSON FREEMAN
United States District Judge

Order Granting 3rd EOT to file Opp; Addressing Pending Mots.
PRO-SE\BLF\CR.18\03972Saddozai_eot3-opp&mots

United States District Court
Northern District of California