UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARLOS BOLANOS, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-03972 BLF (PR)<br><br>**ORDER DENYING MOTION TO STAY; DENYING MOTION TO COMPEL DISCOVERY; STRIKING OBJECTION; GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL; INSTRUCTIONS TO CLERK**<br><br>(Docket Nos. 105, 107, 109, 112) |

Plaintiff, a California inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983. On November 15, 2022, Defendant T. Arqueza filed a motion for summary judgment on various grounds. Dkt. No. 71. In its last order, the Court ordered as follows: (1) denied Plaintiff's motion to compel, Dkt. No. 93; (2) granted Plaintiff a final extension of time until May 5, 2023, to file an opposition to Defendant's summary judgment motion; (3) granted Defendant's motion to enforce the prior sealing order, Dkt. No. 99; and (4) granted Defendant's motion to stay briefing on Plaintiff's motion to add new defendants, Dkt. No. 97, pending resolution of his summary judgment motion, Dkt. No. 102. Dkt. No. 103. The Court herein addresses the several motions filed by Plaintiff to which Defendant has filed opposition.

///

## DISCUSSION

### A. Motion to Stay or Extension of Time to Obtain Discovery

In the last court order, Plaintiff was granted one final extension of time until May 5, 2023, to file an opposition to Defendant's summary judgment motion. Dkt. No. 103 at 5. Because this was Plaintiff's third extension of time since Defendant's motion was filed on November 15, 2022, Plaintiff was advised that "no further extensions of time shall be granted." *Id.* at 4, 60

Plaintiff has filed a motion to stay or extension of time to obtain discovery, asserting that he needs additional video footage necessary to identify additional witnesses. Dkt. No. 105 at 4. He then repeats the same arguments from his prior motion to compel which was denied. *Compare* Dkt. No. 105 *with* Dkt. No. 93. In opposition, Defendant asserts that this motion is in direct violation of the last court order. Dkt. No. 110 at 2. Defendant also asserts that Plaintiff has failed to identify a single specific fact that he believes may be revealed by further discovery and which would be essential to the determination of the pending motion. *Id.* at 4.

Plaintiff's motion is DENIED. Defendant's motion for summary judgment is based on evidence that includes video footage showing that Plaintiff instigated the altercation with Defendant Arqueza which lasted merely a few minutes. Dkt. No. 71. To counter this, Plaintiff seeks additional video footage from other "angles" and locations, with audio recordings. However, Defendant has already informed the Court and Plaintiff that the videos do not record audio, and that all relevant videos that were preserved as part of the routine use of force inquiry had already been produced to Plaintiff. Dkt. No. 110 at 4. Furthermore, Plaintiff fails to explain what such additional videos, assuming they exist, would show to contradict the evidence already submitted by Defendant. Plaintiff asserts that "new issues… arose while reviewing video footage evidence," Dkt. No. 105 at 3, but fails to explain what these "new issues" are or how they are relevant to his claims against Defendant Arqueza. Plaintiff's vague and conclusory assertions are simply insufficient to

establish that he warrants additional time to file opposition after he has been granted ample time to conduct discovery and prepare a response. Accordingly, the motion for stay or extension of time to obtain discovery is DENIED. The matter is deemed submitted as of May 5, 2023, when Plaintiff's opposition was due.

## B.     Plaintiff's Motion to Compel and Defendant's Administrative Motion

Plaintiff has filed another motion to compel discovery, seeking additional footage from Defendant described in his earlier motion for stay discussed above. Dkt. No. 109. As discussed above, Defendant asserts that he has already supplied Plaintiff with all relevant video footage. Accordingly, there is no further video to provide. Plaintiff alludes to additional witnesses being revealed in the video but fails to explain what evidence he believes these witnesses would provide. *Id.* at 2. He merely asserts that the "validity of this new position must be explored in the depositions of these witnesses who are in a position to testify as to which version of the defense witnesses['] testimony is accurate." *Id.* This vague assertion is not sufficient to establish that Plaintiff is entitled to additional discovery or more time. Furthermore, the Court has already denied Plaintiff's motion for an extension of time to file an opposition or to obtain additional discovery. *See supra* at 2-3. Accordingly, the motion to compel is DENIED.

Moreover, Plaintiff's motion to compel again disregards this Court's Protective Order by publicly filing the unredacted form of a page marked CONFIDENTIAL which was produced by Defendant. Dkt. No. 109 at 14. The Court reminded Plaintiff of his obligation to protect confidential information in the last court order. Dkt. No. 103 at 4. Defendant has also filed an administrative motion to seal the confidential document. Dkt. No. 112. Accordingly, Defendant's motion is GRANTED. The Clerk shall be ordered to seal the entire document with the offending page and Defendant shall be directed to file a redacted version on the public record.

## C.     Plaintiff's Objection and Opposition

Plaintiff filed an objection and opposition to Defendant's motion to stay briefing on

3

his motion to add defendants; he also requests judicial notice of attached documents.  Dkt. No. 107.  As Defendant points out in opposition, Plaintiff's filing does not address the motion to stay criteria but merely repeats his joinder arguments.  Dkt. No. 111 at 2.  Defendant requests that the Court overrule Plaintiff's objection and leave the stay in place, and also strike the duplicative papers to avoid confusion and deny the request for judicial notice.  *Id.* at 3.

The Court agrees that Plaintiff's recent filing is merely duplicative of his original motion to add defendants.  Even if it were construed as a motion for reconsideration of the court order granting the stay, the Court founds no good cause to do so.  As explained in the previous court order, the Court finds it is unnecessary to decide Plaintiff's motion to add defendants at this time. Dkt. No. 103 at 4-5.  Accordingly, the stay on briefing Plaintiff's motion, Dkt. No. 97, shall remain in effect.  Plaintiff's "objection and opposition" shall be STRICKEN as duplicative.  Dkt. No. 107.  If this matter survives summary judgment and the Court resets briefing on his motion to add defendants, Plaintiff may provide any new arguments in reply to any opposition filed by Defendant at that time.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to stay or for extension of time to obtain discovery is **DENIED**.  Dkt. No. 105.  Defendant's summary judgment is deemed submitted as of May 5, 2023, when Plaintiff's opposition was due.  The Court will decide that motion is due course.

2. Plaintiff's motion to compel discovery or for extension of time to complete discovery is **DENIED**.  Dkt. No. 109.

3. Plaintiff's "objection and opposition" shall be **STRICKEN** as duplicative. Dkt. No. 107.

4. Defendant's administrative motion to file under seal is **GRANTED**.  Dkt.

4

No. 112.  The Clerk shall seal all of Docket No. 109.  Defendant shall file a redacted version of that filing on the public record **no later than fourteen (14) days** from the date this order is filed.

This order terminates Docket Nos. 105, 109, and 112.

**IT IS SO ORDERED.**

Dated:  _**May 18, 2023**_____



BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for Stay; Addressing Pending Mots.
PRO-SE\BLF\CR.18\03972Saddozai_m2stay.compel

5