UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRY ARQUEZA, successor to A. ARQUEZA, et al.,<br><br>    Defendant. | Case No. 18-cv-03972 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br><br>(Docket No. 122) |

    Plaintiff, a California inmate, filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983. The second amended complaint ("SAC") is the operative complaint in this action. Dkt. No. 23. The sole defendant in this action, deceased Officer A. Arqueza, was substituted by his widow, Mrs. Terry Arqueza, as his successor. Dkt. No. 52. The Court ordered the matter to proceed on the cognizable claims against Defendant Arqueza. Id. at 2. Defendant filed a motion for summary judgment, supported by declarations and exhibits, Dkt. No. 71, to which Plaintiff did not file an opposition although given extensive time to do so. On June 26, 2023, the Court granted Defendant's summary judgment motion and entered judgment. Dkt. Nos. 116, 117.

    Plaintiff has filed an ex-parte "notice of motion and motion compelling the Court to

reconsider its ruling to adjourn summary judgment; strike Defendant's false declarations and exhibits; to appoint counsel and to take mandatory judicial notice of Plaintiff's facts evidence and exhibits – A-to-D." Dkt. No. 122. The Court will construe this filing as a motion for reconsideration.

## DISCUSSION

### A. Motion for Reconsideration

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *Id.* at 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed.

2

R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Id.*

Plaintiff makes various assertions which fail to establish any grounds for relief. He claims he is undergoing physical therapy, is living in "squalor inhumane living conditions" in prison, is a patient with the mental health care program and class member of *Plata/Coleman*, and is lacking various legal services. Dkt. No. 122 at 1-2. None of these allegations, even if true, are a basis for reconsideration under Rule 60(b). Plaintiff also claims generally that he is the subject of retaliation by defendant's attorney "as a result of law suit using litigation tactics and rules extensible beyond the case at bar." *Id.* at 3. However, this assertion that Defendant's counsel acted in bad faith is conclusory and not supported by any facts. There is simply no evidence that defendant's counsel engaged in misconduct during the course of these proceedings. Lastly, Plaintiff claims that the Court has "acted as a proponent for the defendant's and opposing counsel in this matter… to manipulate outcome in light of [his] evidence presented, thereby placing limitations and rising to the level of constitutional violations and a fundamental defect inherently resulting in a complete miscarriage of justice and demonstrating cause and prejudice." *Id.* at 3. This assertion is simply without merit. Defendant submitted sufficient evidence showing the absence of a genuine issue of material fact with respect to Plaintiff's claims against him. Dkt. No. 116. Plaintiff was granted several extensions of time to file an opposition, and he failed to do so; he was simply unable to produce any relevant evidence to show the existence of a genuine issue for trial. Even construing the facts in his complaint in the light most favorable to Plaintiff, there was simply no evidence that precluded summary

3

judgment in favor of Defendant. Accordingly, the Court's decision to grant the motion was not clear error.

In sum, Plaintiff has failed to establish that reconsideration is warranted based on an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Pyramid Lake Paiute Tribe of Indians*, 882 F.2d at 369 n.5. Accordingly, his motion for reconsideration must be denied.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for reconsideration is **DENIED**. Plaintiff may appeal this matter to the Ninth Circuit.

This order terminates Docket No. 122.

**IT IS SO ORDERED.**

Dated: __July 21, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Recon
PRO-SE\BLF\CR.18\03972Saddozai_deny-recon

4